UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY J. CAMBRON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9853 |
| v. | ) | |
| | ) | Magistrate Judge Rowland |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT WITH REMAND**

Defendant moves this court for entry of judgment with remand. This court has the power, pursuant to sentence four of Section 205(g) of the Social Security Act, "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On remand, Plaintiff will be provided with the opportunity for a hearing and to submit additional evidence and arguments. The administrative law judge (ALJ) will: (1) further develop the record concerning Plaintiff's mental impairment and document the application of the special technique pursuant to 20 C.F.R. § 404.1520a; (2) reconsider Plaintiff's credibility; (3) further assess Plaintiff's residual functional capacity, including weighing all medical opinions in evidence and addressing Plaintiff's ability to bend and stoop; (4) obtain testimony from a vocational expert (VE) concerning the effect of any assessed functional limitations on Plaintiff's occupational base; and (5) issue a new decision.

The undersigned sought to obtain agreement from Plaintiff for remand. Despite successful negotiation as to elements of the remand language, Plaintiff's counsel ultimately would not agree

to a stipulated remand unless additional language specifying the ALJ's obligation as to the vocational evidence was included in the court's remand order. Initially, Plaintiff wanted to include language requiring the ALJ to consider the prior VE's testimony. Defendant explained that on remand the ALJ will make new findings regarding Plaintiff's RFC and obtain new VE testimony, which likely would render the prior VE testimony irrelevant. Plaintiff's counsel then – despite being willing to accept a remand for a new decision if his original demands had been met – stated that Plaintiff argues for reversal and payment of benefits based on the prior VE's testimony. But Plaintiff's position is not warranted based on the facts and the law.

The Seventh Circuit has explained that a court may, after deciding that substantial evidence does not support the Commissioner's decision, award benefits "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Alford v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). These conditions have not been met here. In his Motion for Summary Judgment, Plaintiff acknowledges that there are inconsistencies in the record relating to the Commissioner's findings relating to Plaintiff's RFC and at step five. Inconsistencies in the record do not show that all factual issues have been resolved; in fact, they demonstrate the opposite. Indeed, the VE here gave conflicting testimony about the postural requirement of the jobs he identified, and the ALJ did not address that inconsistency. Even assuming no additional development as to the Plaintiff's RFC, remand for a new decision would still be required to permit the ALJ to address the inconsistency. No facts exist in the record as it currently stands that would compel the ALJ to credit one portion of the VE's testimony over the other. In any event, Plaintiff agrees that the unresolved factual questions extend

to his RFC. Because Plaintiff's RFC needs to be reevaluated, the factual issues to be resolved extend beyond those at step five, and in fact, as they relate to an issue that comes prior to step five in the sequential evaluation, the existence of those factual questions alone preclude remand for an award of benefits based on the VE testimony. Importantly, Plaintiff's counsel's communications about the language of the remand order leading to the dispute that prompted the filing of a unilateral Motion also demonstrate that Plaintiff fundamentally agrees that remand was appropriate and that all factual issues had not been resolved.

WHEREFORE, the Defendant respectfully requests that this court enter judgment reversing the Commissioner's decision pursuant to sentence four of U.S.C. § 405(g) and remand the case to the Commissioner for further administrative action consistent with this motion.

Respectfully submitted,

GARY SHAPIRO
United States Attorney

By: s/ Kurt N. Lindland
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
kurt.lindland@usdoj.gov

Of Counsel:

DONNA L. CALVERT
Regional Chief Counsel
Social Security Administration

LU HAN
Assistant Regional Counsel
Social Security Administration
200 West Adams Street, 30th Floor
Chicago, Illinois 60606
(877) 800-7578, ext. 19408